1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH L. MOORE,

           Petitioner,

      v.

E. ARNOLD, Warden,

           Respondent.

Case No. 16-01666 EJD (PR)

**ORDER OF DISMISSAL**

      Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Petitioner has paid the filing fee.

**BACKGROUND**

      According to the petition, Petitioner was found guilty of first degree murder with special circumstances by a jury in Alameda County Superior Court.  (Pet. at 2.)  Petitioner was sentenced in May 1980 to life without parole.  (Id.)

      Petitioner appealed his conviction to the state appellate court and then to the state high court without success.  (Pet. at 3.)  More recently, Petitioner filed a habeas petition in the California Supreme Court challenging the state superior court's denial of his motion

1    for new DNA testing.  (Pet. at 4-5.)  The petition was denied on February 17, 2016.  (Id. at

2    5.)

3           Petitioner filed the instant federal habeas petition on April 1, 2016.

4

5                                      **DISCUSSION**

6    A.    **Standard of Review**

7           This court may entertain a petition for a writ of habeas corpus "in behalf of a person

8    in custody pursuant to the judgment of a State court only on the ground that he is in

9    custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

10   § 2254(a).

11          It shall "award the writ or issue an order directing the respondent to show cause

12   why the writ should not be granted, unless it appears from the application that the applicant

13   or person detained is not entitled thereto."  Id. § 2243.

14   B.    **Legal Claims**

15          Petitioner raise the following grounds for federal habeas relief: (1) recent changes in

16   state law entitles him to new post-conviction DNA testing, and the state superior court

17   erred in denying his motion for new DNA testing; (2) the superior court's denial was

18   contrary to state and federal law as the DNA test results would constitute "newly

19   discovered evidence" and establish his innocence; and (3) the superior court's order

20   construing Petitioner's motion as a writ of habeas corpus violated due process.  (Pet. at 6.)

21          Petitioner's first and third claims fail to state a cognizable claim for federal habeas

22   relief.  A person in custody pursuant to the judgment of a state court can obtain a federal

23   writ of habeas corpus only on the ground that he is in custody in violation of the

24   Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words,

25   "it is only noncompliance with federal law that renders a State's criminal judgment

26   susceptible to collateral attack in the federal courts."  Wilson v. Corcoran, 562 U.S. 1, 5

27   (2010).  The Supreme Court has repeatedly held that federal habeas writ is unavailable for

28

United States District Court
Northern District of California

violations of state law or for alleged error in the interpretation or application of state law. See Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119 (1982); Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994); see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief); Moore v. Rowland, 367 F.3d 1199, 1200 (9th Cir. 2004) (per curiam) (state's violation of its separation-of-powers principles does not give rise to a federal due process violation); Stanton v. Benzler, 146 F.3d 726, 728 (9th Cir. 1998) (state law determination that arsenic trioxide is a poison as a matter of law and not an element of the crime for jury determination is not open to challenge on federal habeas review); Franklin v. Henry, 122 F.3d 1270, 1272-73 (9th Cir. 1997) (court was bound by state court finding that a violation of state law had occurred, but still had to consider whether the violation amounted to a federal constitutional error). It is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). It also is unavailable for alleged error in the state post-conviction review process, Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), cert. denied, 493 U.S. 1012 (1989), or violations of the state constitution, Hinman v. McCarthy, 676 F.2d 343, 349 & n.2 (9th Cir. 1982).

Here, Petitioner's first claim is based purely on a change in state law of which the interpretation or application is not cognizable in federal habeas. See Swarthout, 131 S. Ct. at 861-62; Estelle, 502 U.S. at 67-68. Neither is Petitioner's third claim alleging a due process violation cognizable in federal habeas because it is, like the first claim, essentially challenging the state superior court's interpretation and application of state law. Furthermore, Petitioner fails to point to a specific federal law that protects against the state

United States District Court
Northern District of California

superior court's actions, i.e., in construing his motion as a habeas petition and not

affording him an opportunity to state "a prima facie claim for relief" before denying his

motion, (Pet. Attach. at 4b).  See Middleton, 768 F.2d at 1085.  Lastly, Petitioner may not

"transform a state-law issue into a federal one merely by asserting a violation of due

process."  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).   Accordingly, claims 1

and 3 must be dismissed for failure to state a cognizable claim.

With respect to Petitioner's second claim asserting that the DNA evidence would

prove his actual innocence, the Supreme Court has established that "[c]laims of actual

innocence based on newly discovered evidence have never been held to state a ground for

federal habeas relief absent an independent constitutional violation occurring in the

underlying state criminal proceeding."  Herrera v. Collins, 506 U.S. 390, 400 (1993).

"This rule is grounded in the principle that federal habeas courts sit to ensure that

individuals are not imprisoned in violation of the Constitution—not to correct errors of

fact."  Id.  After Herrera, the Ninth Circuit initially found that there could be no habeas

relief based solely on a petitioner's actual innocence of the crime in a noncapital case.  See

Coley v. Gonzalez, 55 F.3d 1385, 1387 (9th Cir. 1995); Swan v. Peterson, 6 F.3d 1373,

1384 (9th Cir. 1993), cert. denied, 513 U.S. 985 (1994).  But it has held since that it is

"still an open question" whether federal habeas relief is available based on a freestanding

claim of actual innocence.  Taylor v. Beard, 811 F.3d 326, 334 (9th Cir. 2016) (en banc)

(citing McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013)).[1]

---

[1] There have been instances in which the Ninth Circuit has assumed without deciding that
such claims are cognizable in federal habeas proceedings in both capital and noncapital
cases under the standard set forth in Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997)
(en banc) (holding that a capital habeas petitioner may assert a freestanding actual
innocence claim because a majority of justices in Herrera would have supported such a
claim).  See Osborne v. Dist. Att'y's Office, 521 F.3d 1118, 1130-31 (9th Cir. 2008), rev'd
and remanded on other grounds, 557 U.S. 52 (2009); see also United States v. Berry, 624
F.3d 1031, 1038 n.5 (9th Cir. 2010) (noting that Ninth Circuit "recognizes a claim of
actual innocence that is cognizable under [28 U.S.C.] § 2255") (citing Carriger, 132 F.3d
at 476).  The Supreme Court again left the question open when it reversed the Ninth
Circuit in Osborne.  See Dist. Att'y's Office v. Osborne, 557 U.S. 52, 71 (2009).

Although it appears that a noncapital prisoner can state a freestanding actual innocence claim in federal habeas based on the Ninth Circuit's recent decisions, Petitioner has yet to establish such a claim because he does not in fact have newly discovered evidence establishing his actual innocence. Rather, he seeks injunctive relief so that he can obtain new DNA testing that may or may not prove his innocence. Accordingly, the relief he seeks sets this matter outside the province of federal habeas.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). Such is the case here, where even if Petitioner obtained injunctive relief, i.e., new DNA testing, the results thereof may not necessarily spell speedier release. Accordingly, the claim should be brought under § 1983.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED for failure to state a cognizable claim for federal habeas relief. With respect to the second claim discussed above, Petitioner may pursue it by filing a § 1983 action.

///

///

1

**IT IS SO ORDERED.**

2   Dated: ___7/26/2016___



3   EDWARD J. DAVILA
United States District Judge

4

5

6

7

8

9

10

11

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

12

13

14

15

16

17

18

19

20

21

22

23

24   Order of Dismissal
PRO-SE\EJD\HC.16\01666Moore_dism(ftsac)

25

26

27

28                                    6